LIPEZ, Circuit Judge,
concurring.
This case highlights an analytical flaw in our precedent that I identified in my dissent in United States v. Swiss Am. Bank, *23 Ltd., 274 F.3d 610, 629 (1st Cir.2001), namely, confining the Calder effects test to the purposeful availment prong of the specific jurisdiction inquiry. See id. at 623 (“[T]he ‘effects’ test is a gauge for purposeful availment and is to be applied only after the relatedness prong has already been satisfied.”). It is the illogic of that precedent that has required my concurring colleague to justify our outcome here by raising the possibility of a special relatedness test for business torts.
Specific jurisdiction may be established based exclusively on the in-forum effects of the defendant’s extra-forum conduct. That is the essence of Calder. Where the jurisdictional inquiry is necessarily focused only on effects because there is no in-forum conduct to consider, those effects must count in the relatedness inquiry or the effects test may become a jurisdictional dead end. That is, we will never get to the purposeful availment prong, except where the in-forum effects can also be deemed an “injury,” as is the case here. See id. at 631, 633. Calder should not be restricted in that way. Indeed, Swiss American illustrates that a bright-line rule excluding effects from the relatedness inquiry will foreclose jurisdiction even in the face of substantial in-forum effects where the injury is presumed by law to occur elsewhere. See id. at 624 (noting that the “legal injury of conversion occurs where conversion takes place”). Such an outcome is at odds with “the flexible nature of our due process analysis,” id. at 633, as exemplified by Calder.
The ultimate question in evaluating specific jurisdiction is whether the plaintiffs cause of action relates to the defendant’s contacts within a forum. The effects test enlarges the concept of in-forum contacts to include the in-forum impacts of conduct undertaken outside the forum. I can see no rationale, in any type of case, for considering such effects in evaluating purposeful availment but excluding them from the relatedness inquiry. In my view, therefore, there should be no need for a special category of economic or business tort.